HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANDREA SOLTESZ and STEPHEN SOLTESZ, husband and wife; DAWN DENNISION and JEFF DENNISON, husband and wife; and STEVE SMITH, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED RENTALS NORTHWEST, INC., an Oregon corporation, WASHINGTON STATE HIGHWAY PATROL, PIERCE COUNTY SHERIFF'S DEPARTMENT and BONNY LAKE POLICE DEPARTMENT, <br><br> Defendants. | Case No. 07-5198 RBL <br><br> ORDER GRANTING DEFENDANT'S MOTION TO COMPEL DISCOVERY AND DENYING DEFENDANT'S MOTION FOR SANCTIONS |

THIS MATTER is before the Court upon Defendant United Rentals's Motion to Compel Discovery and for Discovery Sanctions [Dkt. #21]. For the reasons stated below, Defendant's Motion to Compel Discovery is GRANTED. Defendant's Motion for Sanctions is DENIED.

## I. BACKGROUND

On October 4, 2007, the Court set the discovery deadline for June 2, 2008. [Dkt. #13]. The Court entered a Stipulated Order Continuing Case Scheduling Deadlines [Dkt. #19] on April 29, 2008. The new Minute Order [Dkt. #20] moved the deadline to complete discovery to October 6, 2008.

In Defendant United Rentals's Motion to Compel, Defendant indicates that it served Plaintiffs with interrogatories and requests for production on June 13, 2008. [Dkt. #21]. Defendant also states that no answers to these interrogatories were provided within thirty days of service. On September 4, 2008, Defendant's counsel contacted Plaintiffs' counsel regarding the overdue responses and set a telephonic

discovery conference for Sept. 8, 2008 to discuss the discovery. On Sept. 8, 2008, Plaintiffs' counsel indicated that he had received answers to the interrogatories from four of the five plaintiffs, and that he would send them to Defendant's counsel. Two days after Defendant filed its Motion to Compel Discovery, Plaintiffs' counsel sent responses from four of the five Plaintiffs, excluding any response from Plaintiff Steven Smith.

## II. DISCUSSION

Defendant now requests that the Court compel Steven Smith to answer interrogatories and requests for production, and compel the other Plaintiffs to provide more complete answers to interrogatories. [Dkt. #34]. Defendant alleges that many of the answers provided are incomplete, and that they do not meet the responsiveness standards of federal discovery rules. *Id.*

The bulk of Plaintiffs' response to Defendant's motion is as follows:

> The four sets of interrogatories mentioned in Mr. Macario's I indeicated [sic] I would be sending to him with certain production of documents as requested have been delivered. The Plaintiffs involved, Mr. And Mrs. Soltez [sic] and Mr. And Mrs. Dennison, have answered Defendant's questions fully and opening [sic]. They also have each appeared at a live deposition on this case. In fact I was only on this case a limited number of weeks before I was able to get all five Plaintiffs to depositions scheduled by Defendants United Rentals and by Pierce County. [Dkt. # 33].

Plaintiffs argue that Plaintiffs other than Mr. Smith have provided sufficient answers to interrogatories. However, it is clear from the record that Plaintiffs other than Mr. Smith have failed to provide full and complete answers to interrogatories. [*See* Decl. of Macario, Exhibit A–D]. It is hardly sufficient to respond to interrogatories with "see lawyer," a method of responding frequently employed by Plaintiffs. Plaintiffs' suggestion their "appearance at a live deposition" somehow relieves them of their obligation under Fed. R. Civ. P. 33, similarly fails. Thus, although Plaintiffs other than Steven Smith have provided a response, many of their answers are insufficient. While four of the Plaintiffs have provided insufficient responses, Plaintiff Steven Smith has failed to make *any* response to Defendant's interrogatories and requests for production. In response to Defendant's Motion to Compel, Plaintiffs' Counsel argues that Plaintiff Smith's answers have not been delivered to him, and that he "cannot deliver what [he] does not have." [Dkt. #33]. The Court rejects Plaintiff's argument. The rules of discovery apply to a party of the case. A party's attorney acts as his or her representative in the case–not as an intermediary capable of shielding the Plaintiff from his or her obligation to comply with discovery.

Plaintiff Smith must provide complete responses to Defendant's interrogatories and requests for

production. Plaintiffs Soltesz and Plaintiffs Dennison must provide more complete answers to interrogatories so that their responses conform with Fed. R. Civ. P. 33. Defendant's Motion to Compel is therefore GRANTED. Defendant also requests that the Court impose sanctions in the amount of $1,000 for reasonable expenses relating to the discovery motion. The Defendant's request for sanctions is DENIED.

## III.     CONCLUSION

Plaintiffs Soltesz and Plaintiffs Dennison must supplement their responses to Defendant's interrogatories so that their answers conform with Fed. R. Civ. P. 33(b). Additionally, Plaintiff Steven Smith must provide answers to interrogatories and requests for production that conform with Fed. R. Civ. P. 33(b) and Fed. R. Civ. P. 34. Defendant's Motion to Compel Discovery is therefore GRANTED. The Court declines to award United Rentals its reasonable expenses pursuant to Fed. R. Civ. P. 37(a)(5). Defendant's Motion for Sanctions is therefore DENIED. The Court cautions the Plaintiffs to comply with this Order and all future discovery orders. If the Plaintiffs insist on remaining uncooperative in the discovery process, the Court will not hesitate to impose sanctions. Plaintiffs must comply with this Order within 10 days from the date of this ruling.

IT IS SO ORDERED.

Dated this 5th day of November, 2008.

/s/ Ronald B. Leighton

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE